Lane + Linnenburger + Lane LLP
Attorneys at Law  www.attorneyslane.com

WENDELL LANE
wendell@attorneyslane.com

PAUL LINNENBURGER*
paul@attorneyslane.com

MAGGIE LANE
maggie@attorneyslane.com

June 29, 2023

**Via Electronic Mail**
The Honorable James O. Browning
United States District Court
Pete v. Domenici United States Courthouse
333 Lomas Blvd. NW, Ste. 660
Albuquerque, New Mexico 87102
Email: browningchambers@nmd.uscourts.gov

  **Re:** ***United States v. Victor Kearney – Case No. 19 CR 2848 JB***

Your Honor:

This correspondence is provided pursuant to the Court's direction and request for correspondence on specific limited issues related to Defendant Victor Kearney's motion for new trial. Initially, this letter will provide clarification of Defendant's preservation of objections to jury instructions as to Count 1 of the Indictment which did not specifically outline elements of a conspiracy to defraud the Internal Revenue Service (a *Klein* conspiracy). Thereafter, this correspondence will briefly discuss the Defendant's proposed instruction in the event of a retrial of this matter.

This correspondence is limited to the specific narrow issues the Court asked to be addressed by the defense.

**Preservation**

Defendant submitted proposed instructions as to the elements of the charged offenses prior to trial on February 23, 2023. (Doc. 97). The proposed instructions included specific direction on the unique mens rea elements of tax fraud offenses, including conspiracy and the need for a finding of an "intent to defraud the I[nternal] R[evenue] S[ervice]." (Doc. 97, p. 3). Furthermore, said proposed instructions cited specific cases that addressed the unique mens rea elements of tax offenses, including *Cheek v. United States*, 498 U.S. 192 (1991) and *United States v. Klein*, 247 F.2d 908 (2nd Cir. 1957). (Doc. 97, pp. 3-4). This was in addition to the language of the Indictment which specifically followed a *Klein* conspiracy charge.

Counsel also made arguments as to the necessity of proof of specific intent in the context of a tax fraud prosecution such as this on multiple occasions. This included argument that the Government must prove a *Klein* conspiracy as charged in the Indictment, *see* 3-9-23 Tr., 883:17, 24-25,[1] and that the defense's proposed instructions sought to address the intent requirements of tax offenses. *See* 3-9-23 Tr., 982:10-14. We submit this properly preserved the issues for consideration prior to the jury being charged. Regardless, as noted in the Motion for New Trial, the jury instructions as given permitted the jury to convict Defendant of a conspiracy far broader than that charged in the Indictment and amounted to plain error. (*See* Doc. 141, pp. 3-4).

## Appropriate Jury Instruction

Defendant submitted proposed instructions designed to address the unique mens rea issues in tax fraud cases and tax conspiracy cases. (Doc. 97; Doc. 125). Counsel submits that those proposed instructions were appropriate. Nevertheless, pursuant to this Court's direction, counsel submits the following proposal developed from that previously submitted.

> Mr. Kearney is charged in count one of the Indictment with a violation of 18 U.S.C. § 371. This law makes it a crime to conspire to defeat the lawful function of the Internal Revenue Service of the United States.
>
> To find Mr. Kearney guilty of this offense you must be convinced that the government proved each of the following beyond a reasonable doubt:
>
> > *First:* Mr. Kearney knowingly entered into an agreement with another person;
> >
> > *Second*: The agreement entered into was for the specific purpose of defrauding the IRS or impeding its lawful function through dishonest means;

---

[1] The transcript inaccurately indicates a "client conspiracy" when counsel clearly discussed a *Klien* Conspiracy. If necessary, this will need to be corrected prior to appeal.

    *Third*: Mr. Kearney knowingly and voluntarily participated in said agreement with the specific intent to defraud the IRS or impede its lawful function through dishonest means;

    *Fourth*: Mr. Kearney and the others participating in the agreement were interdependent;

    *Fifth*: Those participating in the agreement engaged in at least one overt act furthering the intent to defraud the IRS or impede its lawful function through dishonest means.

    For purposes of this instruction, "intent to defraud" means to act knowingly with the intention or purpose to deceive or cheat someone.

    For purposes of this instruction, parties to an agreement are "interdependent" if they intended to act together for their shared mutual benefit within the scope of the agreement.

In addition thereto, the defense would request issuance of the good faith instruction tendered by Defendant without exclusion of the *Klein* conspiracy count. (Doc. 125).

If there is anything further the Court requests as to this issue, counsel will so provide.

                                                  Sincerely,

                                                  Paul Linnenburger

cc:    Kimberly Brawley
        Sean Sullivan