**Brawley, Kimberly (USANM)**

**From:** Brawley, Kimberly (USANM)
**Sent:** Friday, April 28, 2023 3:07 PM
**To:** Jon-Paul Barabe; Sullivan, Sean J. (USANM) 3
**Subject:** RE: Victor Kearney 1:19CR02848-001JB

Hi Jon-Paul,

Thank you for reaching out. I just reviewed the offense conduct from Mr. Fiser's PSR again, and I think it will be sufficient for Mr. Kearney. We did not prove all of the facts at trial, but we could easily prove the additional facts (i.e., false testimony at depositions) at sentencing if the defense objects.
Please let me know if you have any questions, and I am expecting the court to deny the motion for a new trial.

Best,
Kim

**From:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Sent:** Friday, April 28, 2023 10:20 AM
**To:** Sullivan, Sean J. (USANM) 3 <SSullivan3@usa.doj.gov>; Brawley, Kimberly (USANM) <KBrawley@usa.doj.gov>
**Subject:** RE: Victor Kearney 1:19CR02848-001JB

Good morning, I realize this case has current complications regarding the defendant's motion for a new trial; however, should the Court deny the defendant's motion, do you feel the previously disclose offense conduct, as provided in the PSR for Robert Fiser, would be sufficient for Kearney? Or are there any facts proven at trial that should be removed or added?

Jon-Paul Barabe
United States Probation Officer
District of New Mexico
Phone: 505-348-2762
Fax: 505-348-2562
Email: jon-paul_barabe@nmp.uscourts.gov

**From:** Sullivan, Sean J. (USANM) 3 <Sean.J.Sullivan@usdoj.gov>
**Sent:** Monday, March 27, 2023 12:16 PM
**To:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>; Brawley, Kimberly (USANM) <Kimberly.Brawley@usdoj.gov>
**Subject:** RE: Victor Kearney 1:19CR02848-001JB

**CAUTION - EXTERNAL:**

Jon-Paul,

We are working on a response for you. Do you have access to Fiser's PSR?

Very respectfully,

Sean J. Sullivan

File on CM/ECF
7/11/23

7/11/23

U.S. Attorney's Office
201 Third Street N.W., Suite 900
Albuquerque, New Mexico 87102
(505) 224-1514 (office)
(505) 346-7296 (fax)
www.justice.gov/usao-nm



**From:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Sent:** Tuesday, March 21, 2023 12:12 PM
**To:** Brawley, Kimberly (USANM) <KBrawley@usa.doj.gov>; Sullivan, Sean J. (USANM) 3 <SSullivan3@usa.doj.gov>
**Subject:** Victor Kearney 1:19CR02848-001JB

Good afternoon, I have been assigned the presentence report for Victor Kearney (1:19CR02848-001JB). I am writing to obtain the final offense conduct after the jury trial. Also, do you note any victim or obstruction related SOCs that you feel apply in this matter following the Jury Trial?

Jon-Paul Barabe
United States Probation Officer
District of New Mexico
Phone: 505-348-2762
Fax: 505-348-2562
Email: jon-paul_barabe@nmp.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Brawley, Kimberly (USANM)**

**From:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Sent:** Thursday, May 11, 2023 9:12 AM
**To:** Paul Linnenburger
**Cc:** Amy Kord; Brawley, Kimberly (USANM); Sullivan, Sean J. (USANM) 3
**Subject:** Victor Kearney Presentence Interview 1:19cr02848-001JB

Good morning, the probation office has been instructed by the Court to complete the presentence report interview in this matter. The Court has instructed defense counsel to work with the probation office to identify the earliest time the interview can be completed, irrespective of the setting for the Motion Hearing. The Court said that the two issues are unrelated, so the hearing should not impact the completion and disclosure of the PSR. The Court would then like the probation office to file the PSR as soon as the interview has been completed. I am available any day in the next two weeks with the exception of a hearing in the afternoon of the 18th and an appointment on the 19th. We are able to complete an interview either in person or by zoom if needed.

Jon-Paul Barabe
United States Probation Officer
District of New Mexico
Phone: 505-348-2762
Fax: 505-348-2562
Email: jon-paul_barabe@nmp.uscourts.gov

**Brawley, Kimberly (USANM)**

**From:** Brawley, Kimberly (USANM)
**Sent:** Thursday, June 8, 2023 7:03 AM
**To:** Jon-Paul Barabe
**Cc:** Sullivan, Sean J. (USANM) 3
**Subject:** Re: U.S. v. Kearney - letters for sentencing

Thank you very much!

Get Outlook for iOS

---

**From:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Sent:** Thursday, June 8, 2023 6:58:24 AM
**To:** Brawley, Kimberly (USANM) <KBrawley@usa.doj.gov>
**Cc:** Sullivan, Sean J. (USANM) 3 <SSullivan3@usa.doj.gov>
**Subject:** RE: U.S. v. Kearney - letters for sentencing

I can attach these by addendum.

Jon-Paul Barabe
United States Probation Officer
District of New Mexico
Phone: 505-348-2762
Fax: 505-348-2562
Email: jon-paul_barabe@nmp.uscourts.gov

**From:** Brawley, Kimberly (USANM) <Kimberly.Brawley@usdoj.gov>
**Sent:** Wednesday, June 7, 2023 12:37 PM
**To:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Cc:** Sullivan, Sean J. (USANM) 3 <Sean.J.Sullivan@usdoj.gov>
**Subject:** U.S. v. Kearney - letters for sentencing

**CAUTION - EXTERNAL:**

Good morning Jon-Paul,

Attached please find letters that we would like Judge Browning to review prior to sentencing. The letters were written by Victor Kearney's former in-laws, and we are hoping they can be attached to an addendum to the PSR. Will you please let us know? Thank you for your help.

Best,
Kim

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Brawley, Kimberly (USANM)**

**From:** Brawley, Kimberly (USANM)
**Sent:** Wednesday, August 31, 2022 10:11 AM
**To:** Jon-Paul Barabe
**Cc:** Sullivan, Sean J. (USANM) 3; candice.molina@ci.irs.gov
**Subject:** RE: Robert Fiser 1:19CR02848-002JB
**Attachments:** Factual Summary.docx

Hi Jon-Paul,

Thank you for reaching out. I am attaching a summary that Sean and I drafted when we were preparing this case for indictment, and I hope it is somewhat helpful. I am also copying the case agent, Candice Molina, on this email. She is very knowledgeable about this case and may be able to answer additional questions. Candice's phone number is 505-314-3525.

Thanks!
Kim

**From:** Jon-Paul Barabe <Jon-Paul_Barabe@nmp.uscourts.gov>
**Sent:** Wednesday, August 31, 2022 8:53 AM
**To:** Brawley, Kimberly (USANM) <KBrawley@usa.doj.gov>
**Subject:** Robert Fiser 1:19CR02848-002JB

Good morning, I am working on the PSR for Robert Fiser (1:19CR02848-002JB). I am reviewing discovery but I am having difficultly finding documents related to the investigation of Fiser's conduct or a summary of his offenses as contained in the instant case. I am also attempting to determine restitution amounts for Mr. Fiser. Please advise where I may be able to find the appropriate documents to determine these pieces of information or if there is a possible summary of his actions in this case. That would be appreciated. Ina addition, do you have the contact information for the case agent in this matter?

Jon-Paul Barabe
United States Probation Officer
District of New Mexico
Phone: 505-348-2762
Fax: 505-348-2562
Email: jon-paul_barabe@nmp.uscourts.gov

This is a case about Victor Kearney, a self-proclaimed gambler and investor who married into two of Albuquerque's wealthiest families. Kearney is now in bankruptcy and on the verge of financial ruin entirely because of his own greed and arrogance.

As explained below, Kearney hatched a scheme to cheat on his federal income taxes for 2007-2011 by not reporting millions of dollars in annual disbursements from trusts established upon the death of his first wife, Mary Pat Abruzzo-Kearney. Kearney hired Robert Fiser, an accountant and tax lawyer previously convicted of state tax evasion, to prepare tax returns purposefully omitting Kearney's trust income. For several years, Kearney and Fiser appeared to succeed in their scheme because they did not hear from the IRS.

Then Kearney overplayed his hand and filed a lawsuit against the Abruzzo family for mismanaging the Mary Pat Abruzzo-Kearney trusts. He alleged his deceased wife's brothers were managing the trusts unwisely and costing him additional income beyond the hundreds of thousands of dollars he received each year. In civil discovery, the Abruzzos' counsel served Kearney with a demand for his previous tax returns, which failed to report a total of more than $4 million in trust income. To cover their tracks, Kearney and Fiser prepared and signed "amended" tax returns correctly stating the trust income, but also claiming massive, offsetting "losses" from Kearney's supposed business ventures. Kearney and Fiser provided these "amended" returns to the Abruzzos. However, they did not file them with the IRS.

Later, Kearney and Fiser acknowledged in civil depositions that they knew Kearney's obligation to report his trust income. However, they claimed they did not think it was necessary to include it on his returns because they intended to amend those returns later after Kearney determined his expected offsetting losses for those tax years. Of course, this explanation is absurd and completely unreasonable. Kearney and Fiser did nothing for several years until forced to respond to the Abruzzos' discovery demand. Predictably, Kearney and Fiser blame each other for not filing the amended returns. To this day, they have not filed any amended returns for 2007 to 2011.

Judge Alan Malott of the Second Judicial District Court presided over civil litigation in *Kearney, et al. v. Abruzzo, et al.*, D-202-CV-2013-07676, and concluded that information he learned during those proceedings required further investigation by federal and state tax authorities. He referred the matter to the IRS, which conducted an investigation of Victor Kearney and Robert Fiser for suspected tax crimes.

The civil litigation involved an action brought by Kearney, who is a beneficiary of the Mary Pat Abruzzo-Kearney testamentary trusts. Kearney was married to Mary Pat Abruzzo-Kearney at the time of her death. Kearney brought the legal action against trustees Louis and Benjamin Abruzzo, who are Mary Pat Abruzzo-Kearney's brothers, for mismanagement of the trusts. A bench trial occurred before Judge Malott in April 2017. The case is currently stayed pending bankruptcy proceedings against Kearney.

During the pendency of the state case, Kearney provided tax returns[1] and "amended" tax returns in discovery that contained alleged false items. The tax returns show that he did not claim any

[1] References to tax returns are for IRS Forms 1040, Individual Income Tax Returns.

taxable income from the trusts. He provided the "amended" tax returns to the opposing parties in the civil litigation based on a discovery request dated October 23, 2013. The "amended" tax returns show millions of dollars in income from the trusts for 2008 through 2011, but also show purported net operating losses offsetting all of the trust income.[2] These "amended" tax returns were never filed with the IRS. The transcripts from the civil case also reveal that Kearney received millions of dollars of trust income that he did not report on his tax returns.

As part of the civil suit, Mr. Sam Baca, a certified public accountant (CPA) expert witness testified that Kearney did not properly report income he received from his deceased wife's trusts, did not file required tax returns in multiple years, and altered Forms 1099, Forms W-2, and Schedule K-1 forms that were issued to him by third parties. Mr. Baca also testified that the net operating losses that Kearney claimed on his individual tax returns were "absolutely fictitious" and included to shelter his trust income.

Robert Fiser is an attorney and prior CPA in Albuquerque, New Mexico, who was deposed during the civil litigation involving the Abruzzo trusts.[3] He testified that he prepared the 2008-2011 and 2013-2015 returns, as well as the "amended" 2008-2011 tax returns for Kearney. According to billing records, Fiser provided tax services to Kearney dating back to October 22, 2009.

The tax returns Kearney filed with the IRS for tax years 2007 through 2011 do not report any trust income that Kearney received as a beneficiary of these trusts. However, these tax returns do report modest income from other sources.[4] According to official IRS records, Kearney filed each of the tax returns for 2007 through 2011 more than one year after the filing deadline.[5] The specific dates Kearney's tax returns were signed by him and Fiser are as follows:

| Tax Year | Date Fiser Signed Original Return | Date Kearney Signed Original Return | Date Original Return Filed with IRS | Date Fiser Signed Amended Return* | Date Kearney Signed Amended Return | Date Amended Return Filed with IRS |
|---|---|---|---|---|---|---|
| 2007 | 10/20/09 | 10/23/09 | 10/27/09 | No amended return | No amended return | N/A |
| 2008 | 08/03/11 | 08/03/11 | 08/12/11 | 06/06/12 | Not signed by Kearney | Not filed with IRS |
| 2009 | 06/12/12 | 06/17/12 | 06/20/12 | 11/20/13* | Not signed by Kearney | Not filed with IRS |

[2] SA Molina is still investigating the legitimacy of these purported losses.

[3] According to Fiser's business card, he specializes in "tax, accounting, and business litigation services". Although Fiser is an attorney, he has not represented Kearney in any legal capacity. Pete Domenici, Jr. is the attorney who represented Kearney in the civil matter. Fiser shared office space with Domenici, Jr.

[4] These sources included modest interest and dividends from the trusts, but not the primary trust income. For example, in 2007, Kearney and Fiser reported $7982 in trust interest and $2456 in dividends, but not an additional $800,513 in ordinary business and real estate rental income from the trusts. This is important because it shows Fiser's awareness of the trusts no later than 2007.

[5] The tax returns could not be electronically filed given how late they were submitted to the IRS.

| | | | | | | |
|---|---|---|---|---|---|---|
| 2010 | 06/12/12 | 06/17/12 | 06/20/12 | 11/20/13* | Not signed by Kearney | Not filed with IRS |
| 2011 | 09/04/13 | 09/06/13 | 09/11/13 | 11/20/13* | Not signed by Kearney | Not filed with IRS |
| 2012 | 11/20/13* | Not signed by Kearney | Not filed with IRS | No amended return | No amended return | N/A |

*When Fiser signed the original 2012 return and these "amended" returns, he backdated them to June 1, 2013.

Although Kearney did not report any trust income, the Schedule K-1 forms submitted to the IRS show Kearney received a total of more than $4 million in income from these trusts during the tax years 2007 through 2011. The Schedule K-1 forms were obtained from Moss Adams LLP, an accounting firm in Albuquerque that prepared them on behalf of the trusts. Moss Adams LLP has provided records to investigators showing the firm sent Schedule K-1 forms to Kearney each year notifying him of his trust income. Cover letter specifically instruct Kearney to report his trust income to the IRS.[6]

Other IRS records show Kearney filed federal tax returns for the years 2012 through 2016. Fiser prepared Kearney's tax returns for 2013, 2014, and 2015, but another CPA, H. Myrle Schwalm, prepared Kearney's tax returns for 2012 and 2016.[7] The 2013-2015 tax returns report Kearney's trust income, but claim net operating losses that virtually offset all of this income. Notably, the returns prepared by Mr. Schwalm do not claim significant net operating losses in the way Fiser's prepared tax returns do. Indeed, the tax returns for 2012 and 2016 show Kearney owed a large sum of taxes.[8]

Fiser's business records concerning the tax services he performed for Kearney were also reviewed as part of the investigation. These records reveal that on May 29, 2012, after Kearney and Fiser signed the 2007 and 2008 tax returns, but before any of the subsequent tax returns were signed, Fiser obtained wage and income transcripts from the IRS to determine what income the IRS had on record for Kearney for 2009-2011. It is reasonable to conclude Fiser was looking to see if IRS received notice of Kearney's trust income for 2007 and 2008 from other sources, which would have undermined their evasion scheme.

[6] The Mary Pat Abruzzo Testamentary Trusts B and C were set up as grantor trusts, which resulted in Schedule K-1 forms being reported to the IRS in the name of the trust as opposed to the names of the beneficiaries. Although Moss Adams LLP provided Schedule K-1 forms to the IRS, the IRS was not aware that Kearney received income because the income was not reported under his name or Social Security number. Moreover, information on subsequent pages of the Schedule K-1 forms that may have notified the IRS that Kearney was receiving income were not input into the IRS's computer system. After Fiser requested and received Kearney's IRS wage and income transcripts from the IRS, Fiser and Kearney realized the IRS was not aware that Kearney was receiving the trust income and that they could refrain from reporting the income to the IRS.

[7] Mr. Schwalm testified before the grand jury. The tax returns he prepared were filed with the IRS and are believed to be correct.

[8] Schwalm provided some useful grand jury testimony. In particular, he testified he declined to report information about certain purported losses by Kearney for 2012 because Kearney had insufficient documentation to support those losses. He confirmed an honest accountant would not fail to report trust income on a tax return based on an unsupported assertion that proof of offsetting losses would materialize in the future.

There are also numerous emails between Kearney and Fiser that confirm Kearney and Fiser discussed Kearney's personal income taxes by email. On October 1, 2014, Fiser sent an email to Kearney advising Kearney not to contact the IRS about the failure to file tax returns and also discussing Kearney's taxes for 2011 through 2013. In pertinent part, Fiser wrote to Kearney, "So at most what we could do is attach a statement to each return as filed, but again we need to balance this with giving them information they haven't asked for .... and the general rule is dont [sic] tell them anything unless they ask...."

This email was contemporaneous with the civil litigation. At the time this email was sent, Kearney had filed tax returns showing no trust income for the tax years 2008 through 2011, and he had not filed tax returns for 2012 and 2013. He had also provided the opposing party in the civil case with "amended" tax returns reporting the trust income, but claiming offsetting losses. Fiser appears to be discussing how to resolve the discrepancy between the records provided to the opposing party in the civil litigation (which did include trust income) and the records provided to the IRS for tax purposes (which did not include trust income).

On September 2, 2016, Kearney falsely stated under oath at a deposition that he believed Fiser had obtained extensions from the IRS granting Kearney permission to file late income tax returns when Kearney knew Fiser had not obtained such extensions. According to IRS rules, extensions are only granted for six months. At this point, Kearney's returns for 2012 and 2013 were more than three years late. He also falsely stated that he did not mail any federal tax returns to the IRS from 2008 through 2016 when Kearney knew he had mailed tax returns to the IRS in 2008 or later. Kearney initially claimed Fiser was responsible for submitting the tax returns to the IRS but later said either he or an assistant of his may have submitted the tax returns to the IRS. He admitted that from 2008 through 2015, he received between $700,000 and $900,000 each year in trust income, but only paid a total of $12,000 in federal income tax.

In an email Fiser sent to Kearney on September 22, 2016, Fiser stated, "as discussed see attached letter for the Form 4506[9] so we can finally determine which returns have in fact been filed and take corrective actions if needed." Nevertheless, to this day, no amended returns have been filed.

On November 4, 2016, Fiser falsely stated under oath at a deposition that he and Kearney did not report income from the trust in the original 2007-2011 returns because they intended to file amended returns after filing those original returns. Fiser acknowledged being aware of the trust income, and he admitted that he was required to certify the tax returns were accurate and complete, but that they "did not contain certain information exactly." He also said any information he had about losses came directly from Kearney and that he did not question the numbers that Kearney provided to him.

Fiser's explanation is completely unreasonable considering the timing of events. For example, he and Kearney filed an original 2008 tax return on August 3, 2011. The amended 2008 return is dated June 6, 2012. There is no plausible explanation for leaving the IRS with such inaccurate information about Kearney's income for so long.

[9] Form 4506 is an IRS form used by taxpayers to request copies of their tax return information on file. Taxpayers can also designate third-parties to receive the information on their behalf.

On November 20, 2013, Fiser backdated the amended 2009-2011 returns to June 1, 2013, so it would appear as if the amended returns were prepared and submitted to the IRS before Kearney produced the amended returns to opposing counsel as part of the October 2013 discovery request. Fiser's billing statements reveal that the 2009-2011 amended returns were actually prepared in November 2013.

Kearney was deposed again on November 9, 2016. He testified about a letter Fiser sent to Kearney's ex-wife, Michelle Daskalos, in November 2009. In that letter, Fiser stated Kearney's 2009 trust income was $322,732.00. Kearney acknowledged in the deposition that this figure was false; the Schedule K-1 forms showed the trust income was $1.1 million in 2008 and $787,000 in 2009. Kearney attempted to justify the misrepresentation in the letter by testifying, "I was trying to negotiate what was fair." This seems to be another time where Fiser lied to protect Kearney's financial interests.

**Brawley, Kimberly (USANM)**

| | |
|---|---|
| **From:** | Brawley, Kimberly (USANM) |
| **Sent:** | Tuesday, July 11, 2023 8:44 AM |
| **To:** | Jon-Paul Barabe (jon-paul_barabe@nmp.uscourts.gov) |
| **Subject:** | Kearney chart |
| **Attachments:** | 51877-51879 - Appendices A & B.pdf |

File on CM/ECF

7/11/23

7/11/23

APPENDIX A-1
ADDITIONAL TAX DUE AND OWING FOR CRIMINAL PURPOSES
RE: VICTOR P. KEARNEY & ROBERT M. FISER
1000289607 & 1000294839

| TAXPAYER NAME | YEAR | TAXABLE INCOME PER RETURN | TOTAL ADJUSTMENTS (APPENDIX A-2) | CORRECTED TAXABLE INCOME | CORRECTED TOTAL TAX | TOTAL TAX PER RETURN | ADDITIONAL TAX DUE FOR CRIMINAL PURPOSES | EXHIBIT NUMBER |
|---|---|---|---|---|---|---|---|---|
| Victor Kearney | 2007 | $ (208,317.00) | $ 893,203.00 | $ 684,886.00 | $ 216,628.00 | $ 0.00 | $ 216,628.00 | W2-1, W2-2, W3-1, Appendix A-2 |
| Victor Kearney | 2008 | $ (133,778.00) | $ 1,111,106.00 | $ 977,328.00 | $ 318,491.00 | $ 0.00 | $ 318,491.00 | W2-3, W2-4, W3-1, Appendix A-2 |
| Victor Kearney | 2009 | $ (172,387.00) | $ 881,543.00 | $ 709,156.00 | $ 223,675.00 | $ 0.00 | $ 223,675.00 | W2-5, W2-6, W3-1, Appendix A-2 |
| Victor Kearney | 2010 | $ (205,589.00) | $ 1,071,125.00 | $ 865,536.00 | $ 277,211.00 | $ 0.00 | $ 277,211.00 | W2-7, W2-8, W3-1, Appendix A-2 |
| Victor Kearney | 2011 | $ (381,811.00) | $ 882,743.00 | $ 500,932.00 | $ 152,640.00 | $ 0.00 | $ 152,640.00 | W2-9, W2-10, W3-1, Appendix A-2 |

ADDITIONAL TAX DUE AND OWING FOR CRIMINAL ADJUSTMENTS: $ 1,188,645.00

Special Agent Candice Molina
Prepared: 07/23/2019

APPENDIX A-2
CRIMINAL TAX ADJUSTMENTS TO TAXABLE INCOME
RE: VICTOR P. KEARNEY & ROBERT M. FISER
1000289607 & 1000294839

| TAXPAYER NAME | YEAR | TAXABLE INTEREST | RENTS RECEIVED | ESTATES/TRUSTS | QUALIFIED DIVIDENDS | ITEMIZED DEDUCTIONS | EXEMPTIONS | CAPITAL GAIN/LOSS | TOTAL ADJUSTMENTS | EXHIBIT NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|
| Victor Kearney | 2007 | $ 67,297.00 | $ 344,417.00 | $ 456,096.00 | $ 10,784.00 | $ 12,342.00 | $ 2,267.00 | | $ 893,203.00 | W3-1, W4-1, W4-2 |
| Victor Kearney | 2008 | $ 131,577.00 | $ 371,946.00 | $ 591,838.00 | $ 10,854.00 | $ 3,724.00 | $ 1,167.00 | | $ 1,111,106.00 | W3-1, W4-3, W4-4 |
| Victor Kearney | 2009 | $ 66,525.00 | $ 0.00 | $ 818,512.00 | $ 11,066.00 | $ 2,626.00 | $ 1,217.00 | $ (18,403.00) | $ 881,543.00 | W3-1, W4-5, W4-6 |
| Victor Kearney | 2010 | $ 45,249.00 | $ 0.00 | $ 1,014,529.00 | $ 16,849.00 | $ (5,502.00) | $ 0.00 | $ 0.00 | $ 1,071,125.00 | W3-1, W4-7, W4-8 |
| Victor Kearney | 2011 | $ 30,802.00 | $ 0.00 | $ 852,291.00 | $ 0.00 | $ (350.00) | $ 0.00 | $ 0.00 | $ 882,743.00 | W3-1, W4-9, W4-10 |

Special Agent Candice Molina
Prepared: 07/23/2019

**APPENDIX B**
**SUMMARY OF UNREPORTED INCOME**
RE: VICTOR P. KEARNEY & ROBERT M. FISER
1000289607 & 1000294839

| TAXPAYER NAME | YEAR | TAXABLE INTEREST | RENTS RECEIVED | ESTATES/TRUSTS | QUALIFIED DIVIDENDS | TOTAL UNREPORTED INCOME | Exhibits |
|---|---|---|---|---|---|---|---|
| Victor Kearney | 2007 | $ 67,297.00 | $ 344,417.00 | $ 456,096.00 | $ 10,784.00 | $ 878,594.00 | W3-1, W4-1, W4-2 |
| Victor Kearney | 2008 | $ 131,577.00 | $ 371,946.00 | $ 591,838.00 | $ 10,854.00 | $ 1,106,215.00 | W3-1, W4-3, W4-4 |
| Victor Kearney | 2009 | $ 66,525.00 | $ 0.00 | $ 818,512.00 | $ 11,066.00 | $ 896,103.00 | W3-1, W4-5, W4-6 |
| Victor Kearney | 2010 | $ 45,249.00 | $ 0.00 | $ 1,014,529.00 | $ 16,849.00 | $ 1,076,627.00 | W3-1, W4-7, W4-8 |
| Victor Kearney | 2011 | $ 30,802.00 | $ 0.00 | $ 852,291.00 | $ 0.00 | $ 883,093.00 | W3-1, W4-9, W4-10 |

**TOTAL UNREPORTED INCOME:** **$ 4,840,632.00**

Special Agent Candice Molina
Prepared: 07/23/2019

**Brawley, Kimberly (USANM)**

**From:** Brawley, Kimberly (USANM)
**Sent:** Tuesday, July 11, 2023 8:32 AM
**To:** Jon-Paul Barabe (jon-paul_barabe@nmp.uscourts.gov)
**Subject:** Kearney documents
**Attachments:** Ex 46 RF Email to VK 11-20-13.pdf; Ex 47 Email from Schwalm 10-11-17.pdf; Ex 27c IRS Revenue Agent Diagrams.pdf; Ex 27a IRS Revenue Agent Diagrams.pdf; Ex 27b IRS Revenue Agent Diagrams.pdf; 41652 -- Oct 2017 Summary Memo.pdf